**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Brandt,<br><br>              Plaintiff,<br><br>v.<br><br>Wesco Foods Company Incorporated,<br><br>              Defendant. | No. CV-18-08315-PCT-DWL<br><br>**ORDER** |

       Pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2), which will be granted. The Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening, Plaintiff's Complaint (Doc. 1) is dismissed without leave to amend. Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 6) is denied as moot.

       The Court has an independent obligation to determine on its own initiative whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

       Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all

the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

A corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is "typically" at the corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).

Plaintiff brought this action in federal court as a diversity suit, but the parties are not diverse. The Complaint alleges that Plaintiff is a resident of Arizona, and therefore he is an Arizona citizen. (Complaint at 2.) The Complaint alleges that Defendant "is a resident of Ohio," that it is "incorporated under the laws of the State of Texas," and that it "has its principal place of business in Flagstaff, Arizona, 86001." (*Id.*) As alleged, the corporate Defendant, having its principal place of business in Flagstaff, Arizona, is a citizen of Arizona.

Moreover, it is clear from reviewing the Complaint that Plaintiff has erroneously sued a parent corporation for the conduct of a subsidiary. The conduct at issue pertains to a Fry's Food and Drug grocery store located in Flagstaff, Arizona. The Complaint names "Wesco Foods Company, Inc., DBA the Kroger" as the Defendant. But in the absence of facts not at issue here, "it is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61–62 (1998) (internal quotation marks omitted). Fry's Food and Drug, Inc. is a corporation with headquarters in Tolleson, Arizona,[1] so it is an Arizona citizen for diversity purposes. Thus, amendment of the Complaint would be futile because naming the correct party as Defendant would result in non-diverse parties.

**IT IS ORDERED** granting the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

---

[1] The Court may take judicial notice of this fact. *See* Fed. R. Evid. 201.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed** without leave to amend.  The Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 6) is denied as moot.  The Clerk of Court is directed to terminate this action.

Dated this 20th day of December, 2018.

Dominic W. Lanza
United States District Judge